



**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Emily C. Haigh
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
ehaigh@littler.com

April 18, 2024

Application **GRANTED.**  Although the filing of a motion to dismiss does not ordinarily provide cause to stay discovery, Defendants' letter represents that Plaintiff consents.  The initial pretrial conference and requirement to submit pre-conference materials are **ADJOURNED**, pending further order.  So Ordered.

*Dale E. Ho*
U.S. District Judge

Dated: April 19, 2024
New York, New York

**VIA ECF**
The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Raylee Quinones v. Montefiore Medical Center et al.*
      Case No. 1:24-cv-01516 (DEH)

Dear Judge Ho:

We represent Defendants Montefiore Medical Center and Woodrow Whitaker (collectively, "Defendants") in the above referenced action. We write, pursuant to Rule 2(e) of Your Honor's Individual Rules, to ask for the Court to adjourn the Initial Conference scheduled for May 1, 2024 (Dkt. No. 5) until Your Honor rules on the Motion to Dismiss filed by Defendants on April 15, 2024. This is Defendants' first request for an adjournment.

Defendants further move to stay all discovery, including the filing of a Case Management Plan, pending resolution of the Motion to Dismiss. Under Fed. R. Civ. P. 26(c), courts may stay discovery for good cause pending the outcome of a motion to dismiss.[1] Defendants believe they has a strong argument for dismissal and do not want to undertake time-consuming and expensive discovery that may be rendered moot if the Court grants their 12(b)(6) motion. Given this case is in its infancy, a stay of discovery will not prejudice the Plaintiff.

Plaintiff consents to adjourn the Initial Conference and stay discovery in this matter.

Respectfully submitted,

*/s/ Emily C. Haigh*

Emily C. Haigh

---

[1] Courts typically consider (i) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (ii) the breadth of discovery and the burden of responding to it, and (iii) the risk of unfair prejudice to the party opposing the stay. *See, e.g.*, *Telesca v. Long Island Hous. P'ship, Inc.*, No. CV 05-5509(ADS) (ETB), 2006 WL 1120636 (E.D.N.Y. Apr. 27, 2006).