

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Emily C. Haigh
212.497.8486 direct
212.583.9600 main
ehaigh@littler.com

February 28, 2025

**VIA ECF**

> Application GRANTED. The parties shall adhere to the summary judgment briefing schedule proposed herein, and discovery shall be bifurcated according to the parties' request. SO ORDERED. The Clerk of Court is respectfully directed to terminate ECF No. 42.
>
> Dated: April 3, 2025
> New York, New York
>
> Dale E. Ho
> United States District Judge

District Judge Dale E. Ho
United States District Court
Southern District of New York
40 Foley Sq New York, NY, 10007

Re:   *Raylee Quinones v. Montefiore Medical Center*
       Civil Action No.: 24-cv-01516-DEH

Dear Judge Ho:

      This firm represents Montefiore Medical Center ("Montefiore") in the above-referenced matter. We write jointly with Plaintiff to request the bifurcation of discovery, with the remaining damages discovery resuming, if necessary, after the Court rules on Defendants' motion for summary judgment (Dkt. No. 41). We also ask that the Court permit the Parties to conduct one remaining deposition of a defense witness after the close of discovery, which occurs today.

      On February 7, 2025, Defendants learned that Plaintiff is currently on a medical leave, which began in October 2024. Defense counsel contacted Plaintiff's counsel that day and asked Plaintiff to supplement her discovery related to this leave. On February 10, 2025, Defendants took Plaintiff's deposition, during which Plaintiff confirmed that she is on a medical leave of absence. Defendants' counsel requested the production of documents related to her leave of absence, which she produced after her deposition. Defendants are also in the process of contacting Plaintiff's medical providers for updated productions in response to Plaintiff's HIPAA releases. Additionally, as Your Honor is aware, the Parties continue to dispute whether Plaintiff is obligated to produce copies of her social media posts. Defendants' maintain that such activity is relevant to her claim for emotional distress damages and Plaintiff objects to the requests as "overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence". Defendants request the identity of "*every* social media website with which Plaintiff has a user account and/or has used at any time from *2014 through the present*", along with documentation of "all social media posts by Plaintiff during her employment at Montefiore."

      Although Defendants identified (in their December 2024 discovery responses) Christopher Guerrero as an individual who participated in the investigation of Plaintiff's harassment complaint, it was not until February 26, during the deposition of witness Shalesia Sookra, that Plaintiff learned information that, from Plaintiff's perspective, renders his deposition necessary. Plaintiff served a Notice for Mr. Guerrero's deposition on February 26. Defendants are working to produce this witness, although he is a former employee. His deposition is expected to take place in March 2025.

littler.com

Except for these discrete issues which relate to damages and Mr. Guerrero's deposition, the parties have otherwise completed discovery. The Parties ask that the additional discovery related to Plaintiff's damages, including additional deposition testimony from Plaintiff, the production of her updated medical records, and a possible motion to compel Plaintiff's social media, occur after the Court rules on Defendants' summary judgment motion and that the deposition of Mr. Guerrero be permitted to occur after the close of discovery.

Due to the ongoing scheduling of Mr. Guerrero's deposition, the Parties respectfully request that the summary judgment briefing schedule be amended to reflect the below deadlines.

- Defendants' summary judgment motion due on May 20, 2025

- Plaintiff's opposition due on July 23, 2025

- Defendants' reply due on August 22, 2025

Respectfully submitted,

*/s/ Emily C. Haigh*

Emily C. Haigh